May it please the court Brandon or Weiler for appellant Kevin Galassio This case asks a straightforward question a little quiet, can you move the microphone a little quiet a little up? How's this that's better I think This case asks a straightforward question when a foreign defendant takes financing from a California resident hires, California personnel to build its product in Enlists California residents to market it and sells it directly to California consumers Must it answer in California courts for claims relating to that business? This courts settled precedent holds. Yes The district court reached the opposite conclusion by making two fundamental errors first The district court drew adverse evidentiary inferences against mr. Galassio when the prima facie standard requires the opposite Second the court ignored this courts settled precedent on virtual contacts and fixated on the fact that defendants never physically entered, California on the first point respondents answering brief Raises various Factual disputes that are highlighted throughout the record Fixating on whether participated in a sale constitutes purchasing or selling At record sites 51 and 52 in 56 and 57 Miss Diaz and mr. Song two purchasers of defendants products Testified that they participated in both public and white men's list men's sales. So why I mean the so you you Those are among the contacts that you mentioned at the outset But I'm having a little trouble understanding how the claim here Arises out of or relates to those contacts. I mean the contacts with the customers like what? What does the claim have to do with the customers? Well, if you look at mr. Galassio's declaration That's at record site 157 your honor The key Property at dispute here is ownership of the business and one of the core claims that mr Galassio raises which is another way the district court aired by fixating on only one set of claims is a right to the royalties That are the proceeds of sales to California residents Taking a step back on the blockchain this royalty function is Programmed into it such that sales to those, California residents and Secondary sales by those, California residents would accrue royalties all of the commerce in California Resales everything related to it is at stake and directly bears on the profit interest that my client has a right to Ford v motor company Indicated that the arises from or relates to standard holds that it need not be directly causally related And do you think that would be sufficient? So if if mr. If your client were We're like the defendant also a resident of the UK But everything else is the same and you've got these Business and California customers and all that. Would there be personal jurisdiction in California? I Accept that your client lives in the UK rather than California and in this hypothetical he's being sued by No, your client would be suing but so I think in the hypothetical your client would be in the UK and the internet Communications would have happened while he was in the UK But for some reason he would try to sue in California over the ownership and royalty interests Yeah, I think that would that would be under a different line of cases where we dealt with a saw he where we have situations where we have complete foreign dependents like we have a foreign plaintiff and a foreign defendant on both sides of the question and I think that's Dealt with under a different line of cases. That's not an issue here. Well, I guess I the point of the question was whether it is or isn't an issue here because you you you just said all of these contacts with the California customers and the businesses in California and all of that is Supports the exercise of personal jurisdiction And so I I was trying to get at whether you think that all of the stuff you had been saying was sufficient If you didn't also have the the residency of the plaintiff being in, California. I Think I get what your honor is saying if I could I'm not trying to dodge your question here if I can answer it a little bit differently Well, I mean, I think the answer is is either Yes, that would be sufficient or no, it wouldn't I Would say no Just off the cuff But I would say that the reason that doesn't matter here is what we're dealing with When we're looking at personal jurisdiction is always a sort of totality of all the contacts and we have to look at everything and see whether we meet a threshold and Surgically extracting one of those is I think makes the hypothetical a little bit complicated but I think that that hypothetical even if it turns out the other way doesn't mean my client loses and Do you think Briskin is your best case here? Yes, so I Think you could use Briskin to support your answer to judge Miller I think because Briskin is a lot about a client in California or a plaintiff in California Yes with this internet conduct where the harm arises from the internet related conduct that where the Injured person is in California's which I think is what you're trying to say is the same thing that happened here. Yes, your honor. Um There is a difference here though. I think so in Briskin The injured plaintiff Didn't even really know that Shopify was doing these things to his phone and and his internet conduct Whereas your client really affirmatively sought out this Relationship with a business that was overseas and not in California Do you think that that matters? I don't think that matters your honor. And the way I would frame it is Mr. Galasio as the record demonstrates May have reached out first via Twitter but taking a step back the project was broadcasting itself on Twitter and Mr. Galasio reached out made contact after seeing it and after their personal relationship had flourished over a few months It was the defendant that first asked for a loan from. Mr. Galasio after knowing he was in, California and decided to Create a continuous ongoing contract which has been found sufficient since Burger King v. Rijevich So do you think that this I mean so in in Briskin? There was the plaintiff in California not really knowing even that any of these things were Happening to him until later. He found out there were cookies on his phone and these privacy violations. He was alleging your client Was I mean knew it was sort of a back-and-forth It was a relationship between someone in California and someone overseas and a company overseas. So Was the injury would the injury also have been in England like it or also in Hong Kong? I mean, is it in all the places or is it only in California? How do we think about? Where this happened? Not knowing how English courts decide their personal jurisdiction rules and how that law applies Sort of reversing it I think with the the nature of the relationship and it crossing these forums, it's a reality of modern commerce Over the internet that if the shoe were on the other foot, it would have to be, you know bilateral There's that continuing ongoing relationship from it. I think that on the facts of this case though. We don't need to go that far Or even consider that because there were overwhelming California contacts that there weren't present in UK if you were to balance it on a scale There's one co-founder in the UK. There's one in California, but there's California employees. There's California marketing There's overwhelming California sales that at the end of the day tipped the scales towards jurisdiction I'd like to reserve the remainder of my time for rebuttal unless there are further questions Judge Gould Okay, thank you Good morning, may it please the court Patrick Delahunty for appellees Harris Bin Zafar and project either limited Your honors the first point I'd like to make is that this case I think as the court has pointed out is a founders dispute It is brought by a California resident against a UK resident in a UK come Hong Kong company doing business in the UK the gravamonte dispute is very simple that the California resident loan money to the company and has not been paid back the way that He wants to be paid back. It is not by contrast a case about the use of a website consumer purchases those are not that what this case is about or the Action is brought on and as a result The controlling case and most on-point case is Pico vs. Weston. It's very similar to the facts here. It is a case Brought by a California resident against a Michigan resident the California resident They formed a joint venture the Michigan resident would do all the work outside of the forum the California resident other than providing money would also do some marketing and Sales work in California and this court found that that was not sufficient to hail the Michigan resident into California It's squarely on point. So we have briskin a recent en banc case Really in this area of law that you didn't really address in your briefs. Can you address it now? I can't thank you I didn't address it. It was held or Handed down Well, I think it was decided before your So, let me address Why it's not I think opposite because that case is brought by the user of a website. It is privacy claims the allegation I think the court some of the court's earlier questions acknowledge this Turned upon whether or not the use of the website affected these California users There were cookies put on their phones. Their phones could be tracked by Shopify Shopify was selling into California had third-party relationships with other vendors in California But it really turned upon the use of the website by the consumer and these digital artifacts Being placed onto the California residents phone. There's nothing like that here. This is not by a consumer It's not by the user of the website. It's not about how the website affects Commerce or individuals in California. So why does that matter though? I mean, but the the actual claim isn't really what the jurisdiction is about. So here we do have a California resident Alleging that he was Interacting by computer with with your clients and was injured in California through those interactions. Why isn't that like briskin? because the Well for it is impermissible under this courts holdings like starting with axiom to look only at The defendants contacts with the plaintiff. It is the contacts with the forum and there are not Well, I mean Walden says that but Walden in Walden the conduct there was the conduct was outside of the forum so when you're talking about contact with the individuals from the forum when they're outside the forum that is different than Contact with the individuals from the forum in the forum that becomes a contact in the forum and that's what we have here Isn't it? I don't believe there are any torts directed to anyone other than the plaintiff in under Walden it is the The actions being directed into California here the torts all occurred outside of California How do we know that when there was a I mean There were communications between someone in California and someone in England or Hong Kong How do we how do we know that that didn't happen in California? The allegation is that the tort happened in a meeting in Cal in the UK that there was well the ongoing Sending of money happened from California, right? That's the formation of the contract that's a contract claim at purposeful avail that's not the tort The tort claims are different in the formation of the contract and where it was formed And that that tort claims include a fraud claim, right and part of the fraud claim is that the plaintiff was Fraudulently induced to send this money and he was sending the money from California, right? But under Walden it is it must be more than the defendants contacts with the plaintiff But that's because those plaintiffs were in an airport outside of the forum What this plaintiff is in the forum when the contact happens That would always be the case if the suit is brought by a California resident and it has to be beyond well Not not if the California resident is in Massachusetts when the problem happens But if the California resident is in California when the problem happens, then the contact is in, California I would ask the court to look at Walden decision at 780 federal third 1206 where the holding is that there There must be express aiming in the torts beyond the torts only connection to the state is the plaintiff's location, right? Because in that case those plaintiffs when the incident that they're upset about happened They were in an airport somewhere else. So and then they tried to go home later and sue from home But the conduct happened somewhere else So the court says you can't use the fact that you're from somewhere to sue in that place when the problem happened somewhere else But our problem in this case allegedly anyway was from someone in California while at least a lot of it while he was in California instead of while he was an airport somewhere else That that is the allegation and I would submit that there has to be an Effort to target California beyond the the plaintiff's location here. Well, so suppose You suppose we have one of these You know people who claims to be a Nigerian Prince and right and sends the email asking for money, right? And he and he sits down and he thinks well, you know a lot of people in Hollywood have a lot of money so he gets you know, like a list of studio executives and he sends an email to one of them and says, you know, I'm a Nigerian Prince send me money and He stops after one email because that one is a success and the person sends him some money I So he knew that the person was in California and he chose them and sent them an email and got money from them Can the victim of that fraud? Sue him and and suppose the the center lives in some foreign country. Can the victim of that fraud? Sue in California. I would say under that hypothetical. Yes, if the defendant knew that the victim was in California Isn't that basically the allegation we have here? The defendant the defendant knew before Any money changed hands the plaintiff was in California and the allegations in the complaint are and it was a different kind of fraud But the allegation and the complaint was that this was a fraudulent scheme to get the plaintiff to send money Looking at this case as a whole and the the personal availment and personal direction are not Always sort of running on two separate tracks that can be sort of conjoined analysis as to The reasonableness of healing the defendants in the court here And if you look at the actual the whole picture of that it is the plaintiff seeking out the UK resident It is the plaintiff forming a Hong Kong company that operates in the UK It is that same plaintiff saying I want all disputes about how we run this company There is a founders agreement it's not executed but it is probative of what they wanted They did not want to be in California until all of a sudden it was beneficial in that So what the fact that it's not executed though is a real problem for you. I think isn't it? like how do we use a Just a draft of something as as evidence of intent. I think it would be dispositive We wouldn't be here today if it was executed, but I think it's that doesn't mean it's not relevant. It was drafted It was paid for by mr. Glossier. It was not objected to he said it was a good idea He looked at three drafts with the same language. It's a fact this court consider and the lower court also considered It does show the party's intent. Did they anticipate a bailout being hailed in the court here? Did they avail themselves of California? No, they did not they sought to avoid, California That's why it would be unreasonable to hail them into court here. It is not consistent with With fairness To bring them here when they were trying to avoid in, California So it's judge schools if I could Inject a question, please. Is the test for minimum contacts? different for contract cases versus tort cases I I believe this court recognizes that there are two tests for Con for for torts and contractual claims But there are decisions with it within this court that acknowledged that they are all not always separate but the key difference in the contractual claims your honor would be purposeful availment looking at how the contract is formed the intent of the contract and the The actions of the parties and the effects of the contract here Those are the points I just made that this was a contract formed outside of California that was not anticipating Consequences here that the behavior of the party sought to avoid, California on those claims I will also submit That the court the district court did not err in finding that the Defendants had met their burden to show that it was unreasonable to hail the defendants in the court here those seven factors all weigh heavily in favor Of defendants here some of which are not contested until the reply brief can you so the you know, there is as you correctly say the the third part of the test about whether it would be unreasonable, but What is the best a are you aware of any cases where we said that you know? The first two prongs were satisfied and personal jurisdiction was not present because it failed prong three Not off the top of my head your honor My sense was that it happens very rarely if that's my understanding your honor. So so what is it about the assuming? I mean, we would only get to this if we disagree with you on on the first two prongs. So Assuming that we disagree with you on the first two prongs for sake of this question What is it about this case that's so extraordinary I think this case thank you for the question I think this case is extraordinary in the sense that there was an effort all the way through to be outside of California and that each one of these factors that kind of comes back to that the on the first factor if this court does find purposeful availment or Purposeful direction. I think it's a minimal binding. That's not enough under the first factor There's got to be more than just minimal contacts. The burden on the defendant is large here They did not want to be in California. They are in the UK. That's where the business is. That's the second factor the third factor is that This is a foreign nation not between two states, which does weigh more heavily in favor of the defendants I think there's the fourth factor this case is a little unusual as well. I think California has very little interest in adjudicating Basically how a foreign company runs itself Particularly when this company was formed to avoid, California Well, it doesn't California have an interest in protecting its citizens from fraud though, which is what the allegation is here I think those case those claims are not the gravamonte of this dispute in this case is really about The investment of money and whether or not it's been paid back So even I mean California probably has an interest in protecting its citizens from having contract violations, too, right? I think that would be True most of the time but here this contract is about the formation of a foreign company how it's doing business and Informing it these two people clearly Indicated they did not want to be in California court. That's why it's different I think if this court looks also just efficiency And I would say also in this case, I think it's important here that the plaintiff Until he filed suit did not want to be in California courts. That's the difference They were making there's there's a really atypical unusual effort to avoid California courts in this case, which makes it sorry is the so I know you have this draft agreement But we're really at the motion to dismiss stage Do we know anything about the drafting history really of that agreement? Like who who wanted which clause and how it came to be? There's no evidence of that in the record But there is evidence that mr. Colosio thought it was a good idea that he did not there's no evidence of him objecting to it There are three drafts that all look the same. He acknowledges he paid for its drafting They hired a Singapore based company to draft it That's all undisputed It would be more efficient here fifth factor to have this case in England. I think That's pretty straightforward and then six and seven those two factors are a little unusual in this case. They were not Challenged by mr. Colosio in his opening brief They're essentially waived and there's almost no argument in the reply brief here in the seventh factor No argument at all by the plaintiff as to why? other jurisdictions would not be Suitable alternatives these these factors. I think this case is unusual and how heavily and consistently all seven factors are in favor of the defendants Counsel judge schooled if I could ask you a further question I It The answer to this question is probably irrelevant if there is no jurisdiction But Does the record as it stands now? give us any evidence about why the contract Was not honored the verb As why was the loan not repaid There's there is no evidence as to why it was not I I I think at the time of filing it had not been repaid There's no evidence that it had been repaid Okay. Thank you. Thank you. I Would submit unless there are further questions from the panel. Thank you. Thank you. I Rebuttal My colleague when he was up here said the tort happened in a meeting in the UK and That it was a UK business But that fundamentally misstates the nature of the business and ignores the reality of internet commerce The tort did not happen in a meeting in the UK the illegal recording that was mentioned happened in a meeting over the internet where there was one party in California and another party in the  Recorded that in violation of California law. That's what a lead is alleged. That's what the evidence shows in the record Could you speak to the three drafts of the unsigned contract? Yes, your honor my colleague made a point that I Just like to address overall that the draft agreement was financed by my client everything was financed by my client and None of that money was given back the the argument and the logic taken to its extreme with that point Is that because my client was a defrauded for financing the whole project that we can point to an unsigned? Unexecuted contract that he didn't agree to didn't consent to and has no weight It Ignores this court's precedent and in approaches of certainty. It does seem that the Parties contemplated Hong Kong though as where they would be interacting. What do we do with that? Well, I think your honor hit the point earlier where there's no evidence of any drafting history in the record if we're gonna give Get into the weeds of that. There's nothing in this record and this courts Precedent at the prima facie stage would require inferences to be drawn in favor of my client on that point not against him This court Got it right in Briskin, which is a case that my colleague has no answer to He brought up Walden again, but footnote 9 of Walden Expressly notes that that holding does not apply to virtual context cases and it's a point this court got correct in Briskin and It's a point this court Should note here as well My opponent also brought up the idea of needing something more to target California not just a plaintiff again evoking the idea of differential targeting but that was squarely dispatched within Briskin We don't need that here the district courts relying on it below was not correct in the court misapplied that law unless This court has any further questions. Those are the points. I would like to hit It looks looks like now unless judge Gould do you have any questions No questions. Thank you. Thank you both for the helpful argument. This case is submitted
judges: GOULD, FRIEDLAND, MILLER